IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01519-RBJ

RONALD LEE,

      Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,

      Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court on defendant's motion for summary judgment. ECF No. 32. Ronald Lee ("plaintiff") alleges that Pueblo School District No. 60 ("defendant") discriminated against him in violation of Title VII of the Civil Rights Act of 1964. Defendant contends that no reasonable jury could find for plaintiff on his discrimination claim. ECF No. 32. Defendant filed its motion for summary judgment on October 7, 2020. *Id.* Plaintiff filed his response on November 18, 2020. ECF No. 36. Defendant filed its reply on December 7, 2020. ECF No. 41. The matter is ripe for review. Upon reviewing the briefs and the record, the motion is DENIED because there are genuine factual disputes.

Courts must follow the *McDonnell Douglass* burden shifting framework when circumstantial evidence is used to establish discrimination. To establish a prima facie case of discrimination under that framework, plaintiff must show: (1) he is a member of a protected

class, (2) who suffered an adverse action, and (3) the adverse action occurred in circumstances giving rise to an inference of discrimination. *Fye v. Oklahoma Corp. Com'n*, 516 F.3d 1217, 1227 (10th Cir. 2008) (citing *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004)). Once plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant does so, the plaintiff again bears the burden of demonstrating that defendant's proffered reason is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Here, defendant concedes that plaintiff has established a prima facie case of discrimination. Defendant's proffered reason for Mr. Lee's termination is that he received two consecutive "partially effective" performance reviews. Under *McDonnell Douglas* the burden thus shifts back to plaintiff to demonstrate that defendant's reason is pretextual. Defendant argues that it is entitled to summary judgment because plaintiff cannot establish pretext. I disagree.

In his response, plaintiff urges the Court to adopt a novel theory of discrimination. Plaintiff contends that the Court should consider each instance of alleged mistreatment—rather than only his termination—as distinct adverse actions. ECF No. 36 at 17–20. These instances include: defendant's refusing to buy plaintiff textbooks for his classroom, refusing to purchase him a document camera, and deviating significantly from the district's protocols throughout the evaluation process. *Id*. Under plaintiff's theory defendant must articulate non-discriminatory reasons for each action. Plaintiff's theory is unsupported by Tenth Circuit law, and the Court will therefore not adopt it. However, the Court finds that each instance of alleged mistreatment

is relevant to plaintiff's overarching discrimination claim, even if each one does not constitute its own adverse action under *McDonnell Douglas*.

Keeping that in mind, the Court finds that the following material facts are disputed:

1. The credibility of Principal Cardinal is in dispute. Principal Cardinal contends that she terminated Mr. Lee because he was not performing adequately. However, throughout this litigation Principal Cardinal has changed her story multiple times as to how she treated Mr. Lee. For instance, when responding to the Colorado Civil Rights Division she stated that she increased his on-site printing limits after she denied his request for textbooks. ECF No. 36-4 at 1. However, defendant now admits that in addition to ignoring his email that requested new textbooks, Principal Cardinal also denied his request to increase his printing limits. Principal Cardinal also initially said that she never changed the percentages that Mr. Lee assigned to his teaching goals. ECF No. 36-26 at 1. However, she again backtracked and now admits that she unilaterally changed the percentages. ECF No. 36-4.

To establish pretext, plaintiff points to a time when he was in Principal Cardinal's office following an observation. Principal Cardinal allegedly told him that he should not be a teacher and then stated, "you people" and abruptly stopped talking. ECF No. 36-7 at 97:18–99:16. Mr. Lee, relying on his sixty years of experience as a black man, interpreted this as Principal Cardinal's stopping herself from making a derogatory comment toward members of his race. ECF No. 36 at 14. Principal Cardinal states that she does not recall making such a statement. ECF No. 36-4 at 1. Thus, whether she made the statement and whether her alleged reasons for firing him are believable turn on witness credibility and fall within the jury's realm.

2. The parties dispute whether defendant is entitled to the same actor inference of nondiscrimination. An employer is entitled to an inference of nondiscrimination if the same individual both hired and fired the employee in a short period of time. *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006). Defendant argues that it is entitled to an inference of nondiscrimination because Principal Cardinal both hired and fired Mr. Lee. Plaintiff presents evidence that Principal Cardinal was uninvolved in Mr. Lee's hiring. ECF No. 37-1 at 114:16–116:14. Thus, a factual dispute exists over who hired Mr. Lee, and whether defendant is entitled to the same actor inference of non-discrimination.

3. The parties dispute whether Mr. Lee was treated differently than his white colleagues. Defendant points to numerous instances where he claims he was treated differently. For instance, his classroom experienced a textbook shortage while several of his white colleagues' classrooms did not. In spring 2016 Principal Cardinal sent an email requesting that teachers notify her of what supplies she needed to order for the following school year. ECF No. 36-5 at 162:1-6. On May 31, 2016 plaintiff emailed Principal Cardinal to request that she order textbooks for his classroom. *Id*. at 162:14-18. Principal Cardinal ignored the email and did not respond to it for several months. *Id*. at 164:1-14. Due to this textbook shortage plaintiff requested that his copying limits be increased so that he could photocopy the relevant portions of the textbook for his class. ECF No. 36 at 10. Although Principal Cardinal said earlier in this litigation that she agreed to this increase, defendant now admits that Principal Cardinal did not grant Mr. Lee's requested exception to the photocopying limits.

Plaintiff has also introduced evidence that after observing one of Mr. Lee's classes, Principal Cardinal asked if he needed a document camera. Mr. Lee responded in the affirmative,

but he never received a document camera. However, a white teacher who was still on probation, i.e., not fully hired staff like Mr. Lee, requested a document camera in September 2016, and the district purchased her one that same month. ECF No. 36-15 at 7.

Finally, it is undisputed that Principal Cardinal never videotaped Mr. Lee's observation sessions. She was therefore unable to meet with him to review the video recording in his presence and offer constructive criticism. Although Principal Cardinal contends her reasons for not recording Mr. Lee were not motivated by racial animus, defendant admits that several white probationary teachers were given this option during the 2016-2017 school year. ECF No. 9 at 4. While Principal Cardinal contends that none of these incidents were motivated by race, a reasonable jury could infer that they were. Thus, a genuine factual dispute exists as to whether Mr. Lee was treated differently than his white counterparts, and if that mistreatment affected his ability to meet Principal Cardinal's performance expectations.

4. Finally, a factual dispute exists as to whether Principal Cardinal's deviations from the district's policies and procedures were a result of racial animus. The district's policies explicitly state that pre-observation and post-observation conferences are a mandatory part of the teacher evaluation process. ECF No. 36-25 at 2. It is undisputed that Principal Cardinal did not hold the pre-observation conferences with Mr. Lee prior to every observation. ECF No. 32 at 17. Defendant contends that the lack of a pre-observation conference did not contribute to his subpar performance reviews, while plaintiff contends that it did. *Id*.

Additionally, the district's policies also state that probationary teachers must select their own student learning goals at the beginning of the evaluation process. Teachers in the evaluation process choose what percentages to allocate to each of two categories that measure student

learning.  These are referred to as their MSL/O weights.  Mr. Lee ascribed 50% to students' document-based questions scores and 20% to students' end of unit assessment scores.  ECF No. 36-13 at 16.  Principal Cardinal unilaterally changed Mr. Lee's self-selected goals in the system and did not communicate this with him.  When asked about this initially, she denied that she had changed anything in the system.  ECF No. 36-26 at 1.  However, as litigation continued, she admitted that she did change the MSL/O weights.  ECF No. 36-13 at 15.  Further, the district admits that Principal Cardinal did not change any other teacher's MSL/O weights.  ECF No. 36-11 at 11.  Resolving all inferences from the above procedural irregularities in favor of plaintiff, the Court finds that a reasonable jury could conclude that these irregularities are evidence of racial animus.

Defendant argues that these factual disputes do not establish pretext.  ECF No. 41.  I disagree.  Plaintiff has presented evidence that he was treated differently than his white colleagues throughout his entire tenure at Heaton Middle School.  He argues that the mistreatment made it difficult for him to effectively do his job, which thereby contributed to the partially effective performance reviews.  Thus, defendant's proffered reason—that he was fired for his subpar performance reviews—is not a legitimate, nondiscriminatory reason if defendant's discriminatory actions were the cause of the subpar evaluations.  Because numerous factual disputes exist, summary judgment is inappropriate.  Defendant's motion for summary judgment is therefore DENIED.

**ORDER**

Defendant's motion for summary judgment, ECF No. 32, is DENIED.


      DATED this 3rd day of June, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge